# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHRISTIN PHIFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 5:18-CV-01416-JEO |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff Christin Phifer appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application supplemental security income ("SSI") under the Social Security Act. (Doc. ).[1] Phifer timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the court finds that the Commissioner's decision is due to be remanded.[2]

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 12).

## I. Procedural History

At the time of the decision, Plaintiff was 50 years old. (R. 22, 170). She has a ninth grade education[3] and has past relevant work as a vendor and server. (R. 32, 60-61, 175). Plaintiff alleges she became disabled on May 20, 2014. (R.15).[4] She claims she could no longer work due to her treatment for breast cancer and associated complications and pain. After her claims were denied initially, she requested a hearing before an ALJ. (R. 84-86). Following the hearing, the ALJ denied her claim. (R. 15-22).

She appealed the decision to the Appeals Council ("AC"). After reviewing the record, the AC declined to further review the ALJ's decision. (R. 1-4). That decision became the final decision of the Commissioner. *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

## II. Statutory and Regulatory Framework

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

---

[3] Plaintiff went to school in Germany and graduated at the age of 14. Plaintiff testified at the hearing that in Germany children "only have to go nine years." (R. 32).

[4] References herein to "R. __" are to the administrative record found at Docs. 10-1 through 10-13 in the court's record.

less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *See also* 20 C.F.R. § 404.1505(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a) & 416.920(b).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id* "Under the first step, the claimant has the burden to show that []he is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[5] If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. At the first step, the ALJ determined Phifer has not engaged in substantial gainful activity since January 13, 2015. (R. 17).

If a claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(c) & 416.920(c). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *See id.* at § 404.1502. Furthermore, it

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

3

"must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[6] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 404.1512(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § & 404.920(c) & 404.1520(a)(4)(ii) and (c). At

---

[6] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeking, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

4

the second step, the ALJ determined Phifer has the severe impairment of history of breast cancer in remission. (R. 17).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.920(a)(4)(iii) & (d) and § 416.920(d). The claimant bears the burden of proving his impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled. 20 C.F.R § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Phifer did not have an impairment or combination of impairments that meet or medically equal the severity of listing 13.10 for breast cancer. (R. 17-18).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e) & 416.920(e). A claimant's RFC is the most she can do despite his impairment. *See id.* at § 404.1545(a)(1) & 416.945(a). At the fourth step, the Commissioner will compare the assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and 416.945(a)(4)(iv). "Past relevant work is work that [the claimant] [has] done within the past 15 years,

5

that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1) and 416.960(b)(1). The claimant bears the burden of proving that her impairment prevents her from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing his past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b), 416.945(a)(4(iv).

Before proceeding to the fourth step, the ALJ determined Phifer has the RFC to perform a range of light work. (R. 18-20). More specifically, the ALJ found Phifer had the following limitations with regard to light work, as defined in 20 C.F.R. §§ 416.967(b):

> the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. She is capable of standing and/or walking for six hours in an eight-hour work day, with normal breaks. She could sit for six hours (with normal breaks) in an eight-hour workday. She should never climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs. She could balance frequently, and occasionally stoop, kneel, crouch, or crawl. She is capable of occasional overhead reaching and frequent handling, fingering, and feeling. As for her work environment, she should avoid concentrated exposure to vibrations. She should avoid all exposure to hazards such as moving, unguarded machinery, unprotected heights. Lastly, she is unable to perform any work in bright sunlight.

(*Id*. at 18).

If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of

performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & (g)(1), 404.1560(c)(1), 404.920(a)(4)(v) & (g)(1). If the claimant is capable of performing other work, the Commissioner will determine the claimant is not disabled. *Id.*at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will determine the claimant is disabled. *Id.*

The ALJ determined Phifer would be able to perform her past relevant work as a server. (R. 20). In the alternative, considering Phifer's age, education, work experience, and RFC, the ALJ determined she can perform jobs that exist in significant numbers in the national economy, such as those of server, marker, cashier, or sales attendant. (R. 22). Therefore, the ALJ concluded Phifer has not been under a disability as defined by the Act since January 13, 2015, through the date of the decision. (*Id.*).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts,

reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions de novo. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**IV. Discussion**

Although Phifer presents two issues for the court's consideration (Doc. 15 at 24-35), the court need only address the first issue. Specifically, Phifer contends that substantial evidence does not support the ALJ's RFC determination because she did not consider all of the impairments identified in Phifer's medical records in combination with each other.[7] (*Id.* at 25). Phifer argues that the ALJ did not consider any medical condition other than breast cancer when making her determination, and the record contains diagnoses and objective evidence supporting other impairments, such as her neuropathy and degenerative disc disease. (*Id.* at 25-29). Phifer also contends that the ALJ did not consider these impairments in combination as required. (*Id.*). The court agrees for the following reasons.

The ALJ must consider each alleged impairment and "state the weight accorded [to] each item of impairment evidence and the reasons for his decisions on such evidence." *Compton v. Astrue*, 2008 WL 344494, at *2 (M.D. Fla. Feb. 7, 2008) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). In addition, the ALJ must explain whether the impairments are severe singularly and in combination. *Id.* The combined effect of impairments must be considered even if any of the impairments considered separately are not "severe." *Walker v. Bowen*,

---

[7] Within this first argument, Phifer also contends that the ALJ erred in her determination that her impairment did not meet or equal the Listing, but the court does not need to address this issue.

9

826 F.2d 996, 1001 (11th Cir. 1987); *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir.1985) (citations omitted). The failure to comply with these requirements results in a remand. *See Gibson*, 779 F.2d at 623.

To demonstrate that all the impairments, severe or non-severe, have been considered in combination, the ALJ must make "'specific and well-articulated findings as to the effect of the combination of impairments.'" *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) (quoting *Bowen*, 748 F.2d at 635). In *Heatly*, the Eleventh Circuit held that the ALJ considered the impairments in combination because "[t]he ALJ discussed in detail Heatly's testimony and medical history, which included Heatly's pain complaints, his limitations due to pain, and the diagnoses he received related to his pain." *Id*.; *cf. Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1198-1201 (M.D. Ala. 2002) (ruling that the ALJ erred because the ALJ "simply failed to address" some of the alleged impairments; "the ALJ must at least refer to all of the alleged impairments"; discussing two lines of cases that address what constitutes consideration of the combination of impairments, that is, *Jones* and *Walker* and their progeny; and offering questions to use as a "pathway" to making the required analysis).

On her application, Plaintiff described her alleged impairment as "breast cancer – remission." (R. 174). At the hearing, she testified that the impairments that prevent her from working are: (1) pain in her legs, hip and lower back, (R. 40-

41, 55-56); (2) pain and numbness[8] in her hands and left arm, (R. 40, 42); and (3) neuropathy and burning in her feet, (R. 42, 43). There are numerous medical records to support the fact that Plaintiff made complaints regarding each of these alleged impairments and that doctors examined her and treated her for these conditions.

The decision of the ALJ, however, discusses only the medical evidence directly related to Plaintiff's breast cancer, surgeries, and other treatment related thereto. (R. 19). While the medical evidence consists of approximately 400 pages, the ALJ's decision spends approximately 3/4 of one page, consisting of 6 short paragraphs, on the medical evidence regarding her alleged impairments. Additionally, it is unclear the ALJ considered anything other than Plaintiff's breast cancer and treatment in forming Plaintiff's RFC. Nowhere in the ALJ's opinion does she discuss Plaintiff's alleged neuropathy in her hands, arm and feet. Additionally, the ALJ does not refer to the medical records with regard to degenerative disc disease. As such, the court cannot conclude that the ALJ considered each alleged impairment, stated the weight accorded to the evidence associated with that alleged impairment and explained the reasons for those decisions regarding the medical evidence, as required. *See Gibson*, 779 F.2d at 623.

---

[8] Specifically, as to the numbness, Plaintiff testified "it's – when your hand falls asleep and the, the pin[s] and needles feeling, I get that every ten minutes in my arm." (R. 40; *see also* R. 42).

With regard to Plaintiff's degenerative disc disease, the Commissioner admits that "the ALJ did not explicitly discuss the few references" to the disease, and points to the ALJ's statement that "[p]hysical examination findings have been generally unremarkable." (Doc. 16 at 14). The Commissioner then reviews the medical evidence and states that "the ALJ more than counted for any limitations arguably caused by these impairments" when stating Plaintiff's RFC.

The court is not persuaded by the Commissioner's argument. First, the statements by the ALJ does not have any citation to the record and it is impossible for the court to know which physical findings in the 400 pages of medical records the ALJ is referencing. Second, it is not the court's job to weigh the evidence and make credibility determinations regarding that evidence. *See Ingram*, 496 F.3d at 1260. Instead, the ALJ is required to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted . . . ." *Cornelius*, 936 F.2d at 1145-46. This has not been done.

Simply put, the decision of the ALJ does not contain enough analysis and discussion for the court to conclude that she made "specific and well-articulated findings as to the effect of the combination of impairments" as required by the Eleventh Circuit. *Heatly*, 382 F. App'x at 825 (quoting *Bowen*, 748 F.2d at 635). Without a more thorough discussion of Plaintiff's alleged impairment, the medical record supporting or contradicting those allegations, and the weight given thereto,

the court cannot conclude that the ALJ adequately evaluated all the impairments alleged by Plaintiff, singly or in combination. As such, the case must be remanded. *See Gibson*, 779 F.2d at 623.

## V. Conclusion

Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is due to be **REVERSED** and **REMANDED** to the Commissioner to conduct further proceedings consistent with this opinion. A separate order will be entered by the court.

**DATED**, this 24th day of July, 2019.

*/s/ John E. Ott*
_____
**JOHN E. OTT**
Chief United States Magistrate Judge